Mr. Justice James
delivered the opinion of the court:
Whether Mrs, Emily Johnson took a fee simple or only *117 a life estate, under the will of Mrs. Lamed, is thé only question in this case. That will contains the following devises :
“ First. I give, devise and bequeath to my beloved mother, 'Mrs. Elizabeth H. Newman, the lot and house in which I now live, in the city of Washington, together with my household and kitchen furniture therein at the time of my death, to hold the said house and lot and furniture during her natural life, and after her death I give, devise and bequeath the said house and lot to my beloved sister, Mrs. Emily Johnson. * * * ”
“ I give and bequeath and devise to my neice, Elizabeth B. Bichardson, daughter of my sister Emily, all my property in the city of Baltimore on which there are payable ground rents.
“ Item. I give, devise and bequeath to McClintock Young, junior, and Alexander Young, junior, the children of my beloved sister, Susan Bird Young, my house and lot on St. Paul street, between Baltimore and Fayette streets, in the city of Baltimore, to hold the same as tenants in common. If either of my said nephews, McClintock and Alexander, should die before arriving at the age of twenty-one years, this devise shall inure to the benefit of the survivor and his heirs.”
In two instances the devise contains no indications that an inheritable estate is given. But in the third instance, where just the same language is used in giving the house in Baltimore to the two Youngs, the testatrix assumed that her words had given such an estate, for she goes on to say that “ if either of my said nephews, McClintock or Alexander, should die before arriving at the age of twenty-one years, this devise shall inure to the benefit of the survivor and his heirs.”
The ordinary rule is that a devise of land without any indication of the extent of the interest devised, gives only a life estate. The question, however, is, whether there may be gathered from expressions in other parts of the will, evidence that, in using this language, the testator intended to give a fee simple. Undoubtedly the English rule is that *118 such indications in other parts of the will affect only the provision to which they directly apply. They are not accepted as going to explain the testator’s meaning in the use of phraseology elsewhere.
But the English rule is founded upon reasons which do not exist with us. When the statute of wills was passed, there already existed a policy to keep the estate together and in one hand. Therefore the courts very properly declined to construe wills as taking the inheritance from the heir except upon plain expressions of intent in the particular instance. But the policy of our laws of inheritance is subdivision among heirs, so that our courts are not called upon to watch over the inheritance for the same reasons.
We are not at liberty, in construing a will, to ignore anything that suggests the testator’s intention to take the inheritance from the heir ; on the contrary, we are charged with a duty to observe these indications and to follow them in ascertaining the intention of the testator.
In this case we find that when the testatrix gave a piece of land to two nephews in Baltimore by just the same language, and without the use of the word heirs, or any equivalent, she assumed that she had given them a fee simple, and therefore went on to state what should be done in case of the death of either of them before they became twenty-one years of age. We learn in this way what the testatrix supposed and intended to be the effect of a devise of a described piece of property, without using words of inheritance or any particular 'equivalent for them, and we must be guided by her lexicon and understand her language as she defines it. We infer, therefore, from this devise, that she supposed she had given a fee simple to Mrs. Emily Johnson by the same language.
Applying that to the language used in the first item, where she gave a life estate in express terms to her mother, and then, at her mother’s death, gave the same property to her sister, with no words indicating the estate to be taken, we think that the two illustrations of her meaning furnished by the other devises would alone be sufficient to show that *119 when she gave property without any reservations, she understood herself to be giving the fee simple.
But in this very item which contains the devise to Mrs. Johnson there is still another indication of her intention to pass a fee simple. She first gives the property to her mother in express terms for life, thereby indicating that when she intended to give it for life she said so. Does not this indicate that she understood herself to be doing something quite different when she proceeded next to give the same house to her sister? On these two grounds we think it is clear that the testatrix intended to give a fee simple to Mrs. Johnson.
The decree will be for the specific performance of the contract.